THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INA PERCIVAL,

                    Plaintiff,

   v.

LAINA POON,

                    Defendant.

CASE NO. C20-1040-JCC

ORDER

This matter comes before the Court on Defendant Laina Poon's motion to dismiss (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.   BACKGROUND

Plaintiff Ina Percival and Defendant Laina Poon were in a registered domestic partnership for over ten years before they divorced in December 2018.[1] (Dkt. No. 1 at 2.) According to Ms. Percival, the last few months of the partnership did not go well. Ms. Percival alleges that on October 15, 2018, Ms. Poon pushed her into a closet and forced her to stay there by threatening to harm her and their children. (*Id.* at 2, 4.) The next day, Ms. Poon allegedly audio recorded Ms.

---

[1] Ms. Poon submitted documents suggesting the divorce was actually finalized in December 2019, but the Court accepts Ms. Percival's allegations as true for purposes of this order.

1    Percival in her home and later publicly disseminated the recording. (*Id.* at 2–3.)

2          Nearly two years later, Ms. Percival filed this lawsuit, asserting a federal cause of action

3    under the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510–23,

4    along with eight claims arising under Washington law. (Dkt. No. 1 at 3–6.) Ms. Poon moves to

5    dismiss, arguing that the Court lacks subject matter jurisdiction and that, even if it has

6    jurisdiction, Ms. Percival fails to state a claim upon which relief may be granted. (*See* Dkt. No.

7    12.)

8    **II.    DISCUSSION**

9          "Article III generally requires a federal court to satisfy itself of its jurisdiction over the

10   subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526

11   U.S. 574, 583 (1999). Therefore, the Court addresses Ms. Poon's jurisdictional arguments first.

12   Ms. Poon first argues that the Court lacks subject matter jurisdiction because the *Rooker–*

13   *Feldman* doctrine bars Ms. Percival's claims. (Dkt. No. 12 at 5–9.) Second, Ms. Poon argues that

14   the Court does not have federal question jurisdiction because her ECPA claim—her only federal

15   cause of action —is "not necessary" because Ms. Percival could have relied exclusively on state

16   law causes of action to address the same conduct. (*Id.* at 10.) Finally, Ms. Poon argues that Ms.

17   Percival's ECPA claim should be dismissed and, if it is, the Court should decline to exercise

18   supplemental jurisdiction over her state law claims. (*Id.*)

19         **A.    Legal Standard**

20         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "raises a challenge to

21   the Court's subject matter jurisdiction." *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 721 (N.D.

22   Cal. 2014). Such a jurisdictional challenge may be "facial," in which the challenger accepts the

23   facts alleged in the complaint as true but asserts that they do not show the Court has jurisdiction,

24   or "factual," in which the challenger disputes the truth of the factual allegations purporting to

25   demonstrate federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

26   2004). When presented with a facial challenge, the Court applies the same legal standard as for a

1    Rule 12(b)(6) motion—the Court accepts Plaintiff's allegations as true and draws all reasonable

2    inferences in her favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Ms. Poon's

3    Rule 12(b)(1) motion is a facial challenge: she accepts the allegations in the complaint as true but

4    argues that the Court does not have jurisdiction as a matter of law.

5         To address Ms. Poon's final argument—that the Court should dismiss Ms. Percival's

6    ECPA claim and decline to exercise supplemental jurisdiction—the Court must apply Federal

7    Rule of Civil Procedure 12(b)(6). Under that Rule, "[t]o survive a motion to dismiss, a complaint

8    must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

9    on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual

11   content that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic

13   recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

14   555).

15        **B.    The *Rooker–Feldman* Doctrine Does Not Apply.**

16        The *Rooker–Feldman* doctrine provides that federal district courts lack subject matter

17   jurisdiction to exercise appellate review over state court judgments. *See Rooker v. Fid. Tr. Co.*,

18   263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, the United

19   States Supreme Court held that "when a losing plaintiff in state court brings a suit in federal

20   district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and

21   seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto

22   appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). The doctrine was expanded in

23   *Feldman*, where the Court held that when an issue is "'inextricably intertwined' with an issue

24   resolved by the local court in its judicial decision, [a] federal district court [may] not address that

25   issue, for the district court would be, in effect, hearing a forbidden appeal from the judicial

26   decision of the local court." *Id.* at 1157. But the "inextricably intertwined" test applies "[o]nly

when there is already a forbidden de facto appeal in federal court." *Id.* at 1158; *see also*

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) ("The inextricably intertwined

test thus allows courts to dismiss claims closely related to claims that are themselves barred

under *Rooker–Feldman*."). "[W]here the federal plaintiff does not complain of a legal injury

caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker–*

*Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at 1163.

Ms. Percival does not allege that she was injured by an erroneous state court decision; she

alleges she was injured by Ms. Poon. (*See* Dkt. No. 1 at 2–6.) The fact that her claims may relate

to issues that arose in the parties' divorce proceedings does not trigger the *Rooker–Feldman*

doctrine. *See Noel*, 341 F.3d at 1164. Ms. Poon argues that Ms. Percival's suit is a de facto

appeal because she seeks to collaterally attack the parenting plan the parties agreed to in state

court. (*See* Dkt. Nos. 12 at 7–9, 14 at 3–4.) But even assuming Ms. Poon's allegation is true, the

fact that "a favorable decision in federal court [for Ms. Percival] would undermine the credibility

of the state court decision" does not bring the suit within the *Rooker–Feldman* doctrine and bar

jurisdiction. *Lahey v. Contra Costa Cnty. Dep't of Child. and Fam. Servs.*, 2004 WL 2055716,

slip op. at 9 (N.D. Cal. 2004); *see also Kougasian*, 359 F.3d at 1140–41. Therefore, the *Rooker–*

*Feldman* doctrine does not apply.

### C.    Federal Question Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the Court has

jurisdiction over a claim arising under federal law, it may exercise supplemental jurisdiction over

claims arising under state law "that are so related to" the federal claim "that they form part of the

same case or controversy." 28 U.S.C. § 1367(a). If the Court dismisses the federal claim, it

may—and generally should—decline to exercise supplemental jurisdiction over the remaining

state law claims. 28 U.S.C. § 1367(c)(3); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S.

343, 350 n.7 (1988). Therefore, the Court's jurisdiction depends on Ms. Percival's ECPA claim.

1    1.   Whether Ms. Percival's ECPA Claim is "Necessary" is Not Relevant to Whether the
2         Court has Federal Question Jurisdiction.

3        Citing *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996), Ms. Poon argues that

4  the Court lacks federal question jurisdiction because Ms. Percival's ECPA claim is "not

5  necessary" because she could have proceeded exclusively under state law. (Dkt. No. 12 at 10.)

6  Ms. Poon misunderstands *Rains*. At issue in *Rains* was whether the court had federal question

7  jurisdiction because a question of federal law was a necessary element of a state law cause of

8  action. *Id.* at 345–46. Because the plaintiff's claims under state law did not depend on questions

9  of federal law, the Ninth Circuit refused to recharacterize them as federal claims. *Id.* Ms. Poon

10  does not cite any authority supporting the proposition she advances here: that a federal court

11  lacks federal question jurisdiction whenever a plaintiff could have proceeded exclusively under

12  state law but chose to assert a federal claim. Indeed, as the *Rains* court noted, "the party who

13  brings a suit is master to decide what law he will rely upon." *Id.* at 344 (quoting *Pan Am.*

14  *Petroleum Corp. v. Super. Ct. of Del. in and for New Castle Cnty.*, 366 U.S. 656, 662 (1961)).

15  Ms. Percival chose to rely upon both federal and state law, and the Court cannot disregard her

16  decision to do so.

17    2.   The Court lacks jurisdiction over several of Ms. Percival's claims regardless of
18         whether it dismisses her ECPA claim.

19        Ms. Poon next argues that the Court should dismiss Ms. Percival's ECPA claim and

20  decline to exercise supplemental jurisdiction over her state law claims. But the Court lacks

21  jurisdiction over several of Ms. Percival's claims regardless of whether the ECPA claim

22  survives. Therefore, the Court will address these claims before turning to the ECPA claim.

23        If the Court has jurisdiction over a claim arising under federal law, it may exercise

24  supplemental jurisdiction over state law claims "that are so related to" the federal claim "that

25  they form part of the same case or controversy." 28 U.S.C. § 1367(a). State law claims are

26  sufficiently related to the federal claim if they "derive from a common nucleus of operative fact"

1    and the party bringing the claims "would ordinarily be expected to try them all in one judicial

2    proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). A "relationship

3    between the parties . . . does not . . . provid[e] supplemental jurisdiction over all possible claims

4    between the parties." *Bereket v. Portfolio Recovery Assocs., LLC*, 2018 WL 6266606, slip op. at

5    3 (W.D. Wash. 2018). If the facts material to the federal claim are immaterial to the state law

6    claims, the Court does not have supplemental jurisdiction over the state law claims. *Lei v. City of*

7    *Lynden*, 2014 WL 6611382, slip op. at 4 (W.D. Wash. 2014).

8           Ms. Percival's ECPA claim is based on two events: Ms. Poon's alleged recording of Ms.

9    Percival and her dissemination of that recording. (*See* Dkt. No. 1 at 3.) But several of Ms.

10   Percival's state law claims are based on other events, such as Ms. Poon allegedly trapping her in

11   a closet the day before the recording and "with[holding] issues related to sexual and gender

12   identity from" Ms. Percival throughout their partnership. (*Id.* at 4–5.) These claims do not arise

13   out of the same nucleus of operative fact as the ECPA claim and, therefore, the Court lacks

14   jurisdiction over them even if the ECPA claim survives Ms. Poon's motion to dismiss.

15   Accordingly, the Court DISMISSES Ms. Percival's civil assault, false imprisonment, intrusion

16   upon seclusion, breach of fiduciary duty, and defamation claims pursuant to Federal Rule of

17   Civil Procedure 12(b)(1).[2] Ms. Percival's intentional infliction of emotional distress claim is

18   based both on the recording and the closet incident. (*Id.* at 3–4.) The Court also DISMISSES this

19   claim pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent it is based on the closet

20

21   [2] Ms. Percival's sparse allegations make it difficult to determine whether the defamation claim is
     based on the alleged dissemination of the recording. Ultimately, the Court concludes that it is not

22   because it does not mention the recording. (Dkt. No. 1 at 5–6.) Ms. Percival's allegations in
     support of her false light claim are also sparse, but reading the complaint in the light most

23   favorable to Ms. Percival, the Court understands the false light claim to refer to the
     dissemination of the recording. Ms. Percival alleges that Ms. Poon "distributed [the] recording to

24   third parties with the intent of . . . placing [Ms. Percival] in a false light," and Ms. Percival's
     allegations in support of her false light claim refer to Ms. Poon "publicly disclos[ing]

25   information about Plaintiff electronically through various social media Platforms." (*Id.* at 2, 5.)
     These allegations, taken together, suggest that the false light claim is based on the dissemination

26   of the recording.

1   incident.

2        Although Ms. Percival's remaining state law claims arise from the same nucleus of

3   operative fact as her federal ECPA claim, the Court will likely decline to exercise supplemental

4   jurisdiction over them if the ECPA claim does not survive. Thus, the Court turns to the ECPA

5   claim.

6        **D.      ECPA Claim**

7        To state an ECPA claim, Ms. Percival must allege that Ms. Poon "intentionally

8   intercept[ed]" the contents of "any wire, oral, or electronic communication," using an

9   "electronic, mechanical, or other device." 18 U.S.C. §§ 2511(1)(a), 2510(4). If Ms. Percival's

10  ECPA claim is based on an oral communication, she must also allege that, at the time the

11  communication was made, she "exhibit[ed] an expectation that [the] communication [would] not

12  [be] subject to interception under circumstances justifying such expectation." 18 U.S.C. §

13  2510(2). Finally, if Ms. Poon was a party to the conversation, Ms. Percival must allege that Ms.

14  Poon intercepted the communication "for the purpose of committing [a] criminal or tortious act."

15  18 U.S.C. § 2511(2)(d).

16       Ms. Percival alleges that Ms. Poon violated ECPA when she allegedly "without consent,

17  audio recorded Plaintiff in her family residence." (Dkt. No. 1 at 3.) She also alleges that Ms.

18  Poon "intercepted Plaintiff's communications . . . . for tortious purposes."[3] (*Id.*) Although Ms.

19  Percival's complaint is not a model of clarity, the Court understands these allegations to mean

20  that Ms. Poon recorded a conversation between Ms. Percival and Ms. Poon while Ms. Poon was

21  in Ms. Percival's home.[4] Ms. Percival does not allege, for example, that Ms. Poon planted a

22

23  [3] This latter allegation states: "[]Plaintiff seeks Defendant's action was unlawful and was
24  obtained for tortious purposes." (*Id.*) What this allegation means is not entirely clear, but
    construing it in the light most favorable to Ms. Percival, the Court interprets it to mean that Ms.
25  Poon made the recording for tortious purposes.

26  [4] Ms. Percival refers to an "oral communication[]" in support of her Washington Privacy Act
    claim, but refers only to a "communication" in support of her ECPA claim, without specifying
    whether it was a wire, oral, or electronic communication. (Dkt. No. 1 at 3.) The Court

ORDER
C20-1040-JCC
PAGE - 7

1  recording device in her home or that she recorded her speaking with someone else. In the

2  absence of these allegations, the Court understands that Ms. Poon was a party to the

3  communication and recorded it herself. Because Ms. Poon was a party to the communication,

4  Ms. Percival must allege that Ms. Poon intercepted the communication "for the purpose of

5  committing [a] criminal or tortious act." 18 U.S.C. § 2511(2)(d). "If, at the moment [s]he hits

6  'record,' the [party to the communication] does not intend to use the recording for criminal

7  tortious purposes, there is no violation." *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010).

8      Ms. Percival alleges that Ms. Poon "obtained [the recording] for tortious purposes," (Dkt.

9  No. 1 at 3), but this allegation is too conclusory to meet federal pleading standards. *Caro*, 618

10  F.3d at 98 (holding that allegation that defendant intercepted the communication "with tortious

11  intent" does not suffice). Ms. Percival makes several more specific allegations about Ms. Poon's

12  intent, but these all relate to Ms. Poon's intent in *sharing* the recording on social media, not Ms.

13  Poon's intent in *creating* the recording. Further, most of the purposes Ms. Percival identifies are

14  not criminal or tortious. For example, Ms. Percival alleges that Ms. Poon shared the recordings

15  on social media "with the knowing intent of disparaging Plaintiff publicly and using Plaintiff's

16  recorded statements in conjunction with a state court custody case involving her children." (Dkt.

17  No. 1 at 3.) But Ms. Percival does not explain why sharing a recording that is disparaging is

18  tortious or criminal, nor does she cite any statute making it a crime for Ms. Poon to use the

19  recording in state court.

20      Next, because the relevant communication was an oral communication, Ms. Percival

21  must allege that, at the time of the recording, she had a subjective expectation that her

22  communication was not subject to interception and that expectation was objectively reasonable.

23  *See* 18 U.S.C. § 2510(2); *see also United States v. McIntyre*, 582 F.2d 1221, 1223 (9th Cir.

24  1978). However, Ms. Percival never alleges that she did not expect the conversation to be

25  ───────────────

26  understands Ms. Percival's ECPA claim to be based on the same oral communication as her
Washington Privacy Act claim.

ORDER
C20-1040-JCC
PAGE - 8

recorded, nor does she allege facts showing that such an expectation was objectively reasonable. While there is little doubt that "individuals have a reasonable expectation of privacy from covert recording of conversations in their homes, cars, and offices, and on their phones," Ms. Percival has not alleged that Ms. Poon's recording was covert. *Fazage v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1038 (9th Cir. 2020). If Ms. Percival was aware that Ms. Poon was recording and chose to speak with her anyway, her ECPA claim fails.

Acccordingly, the Court DISMISSES the ECPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court is likely to decline to exercise jurisdiction over Ms. Percival's remaining state law claims if she fails to state an ECPA claim, the Court declines to address whether Ms. Percival has adequately pleaded those state law claims at this time.

### III.        CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. Poon's motion to dismiss and DISMISSES Ms. Percival's complaint without prejudice. Ms. Percival may amend her complaint to address the deficiencies identified above within fourteen days of the date of this order.

DATED this 15th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE