UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERCIVAL, INA<br><br>      Plaintiff,<br><br> v.<br><br>POON, LAINA<br><br>      Defendant. | ) No. 20-CV-01040 JCC<br>)<br>) <u>SECOND</u> FRCP 12(b)(6) MOTION<br>) FOR FAILURE TO STATE A CLAIM<br>)<br>) AND FOR FAILING TO COMPLY<br>) WITH THE COURT'S ORDER<br>)<br>)<br>)<br>) |

COME NOW, LAINA POON (by and through Noah Davis of IN PACTA) to file this <u>second</u> Motion to Dismiss pursuant to FRCP 12(b)(6) and for the Plaintiff's failure to comply with the Court's Order of March 15, 2020. (Dkt#17)

## I.  RELIEF REQUESTED

▸ That Counts 4 through 7 & 9 of the Amended Complaint be dismissed as previously Dismissed by the Court's 3/15/2021 Order.

▸ That Count 3 be Dismissed in Part (to the extent it alleges conduct based on the "closet" incident, separate from the recording allegations).

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 1

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

‣ That the remaining Counts of the Complaint (1-3 and 8) be dismissed for failing to State a Claim.

## II. STATEMENT OF FACTS

*Per the Amended Complaint*

As a result of Plaintiff's amended complaint (Dkt#18), her avowed facts have changed. Although the Defendant would welcome the opportunity to prove the facts of the Amended Complaint as untrue (so she may clear her name[1] and show that this lawsuit is really a disguised attempt at defamation), for purposes of the present Motion to Dismiss (and solely for that purpose), and to the extent that she must, Ms. Poon accepts sufficiently plead facts as "true".

The Parties are had been in a registered domestic partnership since May 2008 before separating on or about September 15, 2008. (*Id*.). (*Amended Complaint* ¶¶3.1) Ultimately, the Parties' relationship was formally dissolved on December 2, 2019. (*Id*).

Plaintiff alleges that after separation (but prior to the final State Court Decree of Dissolution), Ms. Poon entered the Plaintiff's home on October 15, 2018 for the purpose of audio recording her without Plaintiff's consent (*Id*. at ¶3.2) which she alleges violated her "reasonable expectation of privacy". (*Id* at ¶3.5) Plaintiff alleges that Ms. Poon planned to elicit damning statements from Plaintiff, i.e. her "own" statements, that would place her in a false light and defame her, invade her private affairs and cause her to suffer mental anguish. (Id. at ¶3.7)

On "information and belief" she also alleges a conspiracy involving Ms. Poon to provoke the Plaintiff (*Id*. at 3.6)[2], and in turn, on "information and belief", that Poon "edited" the audio

---

[1] While also seeking FCRP 11 sanctions for averments made without a sufficient factual inquiry, including those made under "information and belief".

[2] Although the Plaintiff references the State Court dissolution proceeding she fails to cite to a specific document or page to support an alleged admission.

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 2

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

recording that she is alleged to have disseminated to third Parties which she alleges were edited into untruthful and defamatory statements/recordings. (*Id* at ¶3.8)

After the State Court dissolution was finalized, Plaintiff initiated this separate lawsuit alleging violations of the Electronic Communications Privacy Act of 1986 ("ECPA") 18 USC §2510 *et seq*.; the Washington State Privacy Act, RCW Chapter 9.73; Intentional Infliction of Emotional Distress, Civil Assault, False Imprisonment; Breach of Fiduciary Duty; "Intrusion Upon Seclusion"; "False Light"; and Defamation. (*See Amended Complaint*, Dkt#18 ¶¶4.1-4.32, *Causes of Action I-IX*)

Plaintiff alleges three events:

Event #1. The Plaintiff alleges that the Defendant audio recorded the Plaintiff without consent on October 15, 2018.

Event #2. At some date subsequent to October 16, 2018, Plaintiff alleges the Defendant distributed an "edited version" of the recording to third parties [ostensibly through "social media"] with the intent of disparaging Plaintiff and placing her in false light.

Event #3. The Complaint alleges that on October 15, 2018, the Defendant "forced" Plaintiff into a bedroom and "push[ed]" and "shov[ed]" her. This third event was already addressed by the Court and claims based on this event had been previously dismissed. (See 3/15/21 Order, Dkt#17).

*Procedurally*

A 12(b)(1&6) Motion to Dismiss was filed on August 8, 2020 (Dkt#12). As a result of that Motion, the Court dismissed Plaintiff's claims for "civil assault" (Count#4), "false imprisonment" (Count#5), "intrusion upon seclusion" (Count#7), "breach of fiduciary duty"

(Count #6), "defamation" (Count#9) and "intentional infliction of emotional distress" (Count #3) (to the extent it relied on event #3, the "closet" allegation).

Despite those claims being dismissed, the Plaintiff tries to revive those claims in the Amended Complaint in Counts 3-7 & 9 of the Complaint.

However, the Court did grant the Plaintiff the opportunity to Amend the Complaint to address her claim involving the Electronic Communications Privacy Act of 1986 ("ECPA"), intentional infliction of emotional distress (as it related to the illegal recording incident), false light and the Washington Privacy Act. Thus, the Court granted leave to amend the Complaint with respect to four claims (<u>not all claims</u>). Despite that limited grant by the Court, Plaintiff seeks a second bite at the apple (that they are not entitled to) in their attempt to revive the fully dismissed causes of action (and one partial).

### III. STATEMENT OF ISSUES

A. Whether the Plaintiff can Amend the Complaint to add back six claims that the Court dismissed and which the Court did not grant Plaintiff the right to amend.

B. Based on the facts pleaded, whether Plaintiff has stated a claim under the Electronic Communications Privacy Act of 1986 ("ECPA") 18 USC §2510 *et seq*.; the Washington State Privacy Act, RCW 9.73.060; Intentional Infliction of Emotional Distress and False Light. And if so, whether Plaintiff's claims are substantial enough to warrant federal jurisdiction.

### IV. EVIDENCE RELIED UPON

The Amended Complaint (Dkt#18) and the Court's Order Dismissing six claims (Dkt#17) but permitting the Plaintiff to Amend the Complaint with respect to the four remaining potential claims.

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 4

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

## V. LEGAL AUHORITY AND ARGUMENT

### A. The Court's Order of 3/15/21

In deciding Ms. Poon's Motion to Dismiss, the Court held that "the Court lack[ed] jurisdiction over several of Ms. Percival's claims regardless of whether the ECPA claim survive[d]". (Dkt#17 at p.5 lines 20-22) Those claims were for civil assault, false imprisonment, intrusion upon seclusion, breach of fiduciary duty, defamation and intentional infliction of emotional distress (to the extent that the IIED claim relied on the closet incident).

Once those claims were dismissed, they are dismissed. If the Plaintiff wanted to try and revive those claims, Plaintiff needed to file a Motion for Reconsideration (but did not).

The Court did, however, allow Plaintiff the opportunity to amend the complaint to address the deficiencies that the Court had identified with respect to four claims (ECPA, the Washington Privacy Act, False Light and the IIED claim as it related to the recording), and those should be the only claims in the Amended Complaint.[3]

### B. 12(B)(1&6) Motion To Dismiss

Under FRCP12(b)(6), a complaint can be dismissed if it fails to state a claim upon which relief can be granted. Taking the Complaint as a verity in Plaintiff's favor, even then, Plaintiff's Complaint fails to support a claim for relief.

---

[3] While the Court's conclusion didn't explicitly state that the deficiencies that could be remedied were the three claims that the Court had addressed as deficient but that could be revived with a properly pleaded ECPA claim, the nature and detail of the Court's Order made it clear to this side of the table that was the case. Otherwise, why would the Court spend the time or detail addressing those claims. Instead, they would have been treated as the False Light, IIED and WA privacy claims were, which was a wait and see approach. Instead, it was clear based on the complaint (and the failure of the Plaintiff to amend prior to the hearing on the Motion to Dismiss) that the 6 dismissed claims (save the IIED claim) would not survive.

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 5

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281  Fax (206) 860.3716

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

*Paris v. Steinberg*, 828 F.Supp.2d 1212 (W.D. Wash., 2011) ("Order on Defendants' Motions to Dismiss, Judge Pechman)

A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp*., 809 F.3d 780, 786 (3d Cir. 2016) The Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) The Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal* at 678.

1. THERE IS NO SUBSTANTIAL BASIS FOR SUPPLEMENTAL JURISDICTION

If Plaintiff's federal claim is dismissed (as addressed below), the three remaining claims (IIED, False Light and violation of the Washington State Privacy Act) do not warrant the District Court's exercise of supplemental jurisdiction. *See* U.S.C. § 1367(a); 1367(c)(3,7) And, there is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed. *Sial v. AT&T Services, Inc*., No. C18-0458JLR, 2018 WL 3364630, at *3 (W.D. Wash. July 10, 2018).

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 6

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

The discretion to decline the exercise of supplemental jurisdiction over state law claims is informed by "values of economy, convenience, fairness, and comity." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*). In most cases where federal claims are dismissed "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Colvin v. Tooley-Young* (W.D. Wash. 2015) (granting dismissal of the ECPA claim and declining to exercise supplemental jurisdiction)

2. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ELECTRONIC COMMUNICATIONS PRIVACY ACT OF 1986

In 1986, Congress passed the ECPA 'to afford privacy protection to electronic communications.' *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002). The ECPA encompasses two distinct sets of claims. Under Title I of the ECPA, the Wiretap Act makes it an offense to "intentionally intercept . . . any wire, oral, or electronic communication." 18 U.S.C. § 2511. Under Title II of the ECPA, the SCA is designed to "address access to stored wire and electronic communications and transactional records." 18 U.S.C § 2701(a).

*Telquist McMillen Clare PLLC v. Clare* (E.D. Wash. 2018)

To succeed on an ECPA claim, a plaintiff must demonstrate that Plaintiff

intentionally intercept[ed], endeavor[ed] to intercept, or procure[d] any other person to intercept or endeavor[ed] to intercept, any wire, oral, or electronic communication

18 U.S.C. § 2511(1)(a)

And as the Court recognized in its March Order Dismissing the Complaint (Dkt#17):

To state an ECPA claim, Ms. Percival must allege that Ms. Poon "intentionally intercept[ed]" the contents of "any wire, oral, or electronic communication," using an "electronic, mechanical, or other device." 18 U.S.C. §§ 2511(1)(a), 2510(4). If Ms. Percival's ECPA claim is based on an oral communication, she must also allege that, at the time the communication was made, she "exhibit[ed] an expectation that [the] communication [would] not [be] subject to interception under circumstances justifying such expectation." 18 U.S.C. §2510(2). Finally, if Ms. Poon was a party to the conversation, Ms. Percival must allege that Ms. Poon intercepted the communication "for the purpose of committing [a] criminal or tortious act.

2nd 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 7

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

To try and revive her ECPA claim, Plaintiff alleges in her Amended Complaint that the recording was made in her home without her consent where she generally alleges she had a reasonable expectation of privacy. (Amended Complaint, Dkt#17 ¶3.5) She also vaguely references some outside agreement between the Parties to "not interfere with Plaintiff's privacy within her home". (Amended Complaint, ¶3.3, 3.5) That vague reference is not supported by sufficient detail. Her complaint also does not state whether there were other people present, or what the circumstances of the "oral conversation" were, or where the Parties were located at the time. Instead of specific facts (and despite being on notice that specific facts are required), the Amended Complaint fails to describe the alleged event with sufficient detail to determine whether or not a reasonable subjective and objective expectation of privacy was warranted.

Was Plaintiff shouting at the Defendant? Was one Party on the phone at the time? Were the kids present? Were there others present? Were the Parties in separate rooms?

Instead of providing sufficient detail about why Plaintiff should be entitled to both a subjective and objective expectation of privacy at that time, under those circumstances, she just tells us that she is (entitled to it).

Also in her Amended Complaint, the Plaintiff attempts to alleges a criminal violation of the Washington Privacy Act as a basis for her ECPA claim to stand on. She doesn't provide any facts of a charge or that a criminal complaint was even filed, She simply cites the statute as a criminal violation. But, that is not enough. As the Court recognized in its March Order, "if the moment that [Poon] hits record, [she] does not intend to use the recording for a criminal purpose, there is no violation." (See Dkt#17, p. 8, lines 8-11)

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 8

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281  Fax (206) 860.3716

The allegation of the Amended Complaint that the non-consensual recording simultaneously violated the ECPA and the Washington Privacy (or Wiretap) Act is not enough as there was no intent to commit a future crime *after* the recording.

However, because her Wiretap allegation fails, Plaintiff alleges another new basis for her ECPA claim and that was that Poon had the intent of intimidating Plaintiff in a future proceeding and she cites RCW 9A.72.110.[4] But, even then, she fails to explain how Ms. Poon's use of the recording intimidated the Plaintiff in any legal proceeding or was expected to intimidate Plaintiff. Wouldn't publishing the recording do away with the allegation of "intimidation"? The

---

[4]RCW 9A.72.110

a. Intimidating a witness.

(1) A person is guilty of intimidating a witness if a person, by use of a threat against a current or prospective witness, attempts to:
(a) Influence the testimony of that person;
(b) Induce that person to elude legal process summoning him or her to testify;
(c) Induce that person to absent himself or herself from such proceedings; or
(d) Induce that person not to report the information relevant to a criminal investigation or the abuse or neglect of a minor child, not to have the crime or the abuse or neglect of a minor child prosecuted, or not to give truthful or complete information relevant to a criminal investigation or the abuse or neglect of a minor child.
(2) A person also is guilty of intimidating a witness if the person directs a threat to a former witness because of the witness's role in an official proceeding.
(3) As used in this section:
(a) "Threat" means:
(i) To communicate, directly or indirectly, the intent immediately to use force against any person who is present at the time; or
(ii) Threat as defined in *RCW 9A.04.110(27).
(b) "Current or prospective witness" means:
(i) A person endorsed as a witness in an official proceeding;
(ii) A person whom the actor believes may be called as a witness in any official proceeding; or
(iii) A person whom the actor has reason to believe may have information relevant to a criminal investigation or the abuse or neglect of a minor child.
(c) "Former witness" means:
(i) A person who testified in an official proceeding;
(ii) A person who was endorsed as a witness in an official proceeding;
(iii) A person whom the actor knew or believed may have been called as a witness if a hearing or trial had been held; or
(iv) A person whom the actor knew or believed may have provided information related to a criminal investigation or an investigation into the abuse or neglect of a minor child.
(4) Intimidating a witness is a class B felony.
(5) For purposes of this section, each instance of an attempt to intimidate a witness constitutes a separate offense.

2nd 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 9

entire "intimidation" premise rests on the threat to publish, not the actual publishing. But here, the opposite is alleged. Plaintiff's entire case relies on "publishing" the "oral communication" which undercuts the whole notion that there was a criminal enterprise of intimidation.

And, of course, Plaintiff does not allege that Ms. Poon has been charged with any crime.

Because Plaintiff's allegations of a criminal intent do not support a claim Plaintiff turns to an allegation of tortious conduct, alleging that it was the "false light" claim that is the tortious underpinning of her ECPA claim. But publishing someone's actual statement isn't false light – its true light. So, in order to try and keep both her false light and ECPA claims alive, Plaintiff now alleges for the first time that Ms. Poon "edited" the recording. This allegation is at odds with her original complaint. (Compare Dkt#1 and absence of this allegation)

So the tortious allegation is now that Ms. Poon somehow, in some way, edited the recording. But even that's not enough to support the ECPA and false light claims, is it? The Plaintiff was obligated to tell us how the alleged edit created a false statement and presenter her in a false light. What was the edit? How was the recoding changed? Was it simply reduced from 5 minutes to 4 minutes? Was the final sentence cut off?

She doesn't have to tell us what software was used, but she does need to tell us that whatever was changed was not exactly the words that Plaintiff used, or in the order she used them. What exactly is the allegation here.

The Plaintiff was on notice that she needed to support her claims with sufficient detail. Instead, she has tried to keep her claims alive by reciting the legal elements of her claims and then making conclusory statements about those legal elements. But she fails to provide sufficient facts to support those conclusory statements.

There is no supportable ECPA claim.

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 10

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281  Fax (206) 860.3716

In the end, the Parties had some interaction at a home then occupied by the Plaintiff. A recording was made allegedly without the Plaintiff's consent. That recording was apparently unflattering for Plaintiff and was later allegedly published in some manner. Those facts do not support an ECPA claim.

### 3. PLAINTIFF FAILS TO SUPPORT A VIOLATION OF WASHINGTON'S PRIVACY ACT, RCW 9.73.060

With dismissal of the ECPA claim, the Court should decline jurisdiction over the supplemental state law based claims.

But, if the Court entertains these claims, Plaintiff's second cause of action is for a violation of Washington State's Privacy Act. For this Claim, the Plaintiff recites the same allegations as for their ECPA claim. And for at least one of the same reasons as discussed above, this claim must fail. RCW 9.73.030(1)(b) makes it unlawful to record a "private conversation," without "first obtaining the consent of all the persons engaged in the conversation."

> Whether a particular conversation is private under this statute is a question of law where the 'facts are undisputed.' Whether a communication is private is determined based on 'a subjective intention [by the parties] that it be private,' and whether 'that expectation is reasonable.' *State v. Modica*, 164 Wn.2d 83, 87, 186 P.3d 1062 (2008) (*citing State v. Christensen*, 153 Wn.2d 186, 188, 102 P.3d 789 (2004))

*Holland v. Prot. One Alarm Monitoring, Inc*. (W.D. Wash. 2016) [5]

But here, there are insufficient facts to establish the context for the conversation –who was present, the nature and volume of the conversation and where the Parties were at the time

---

[5] The Legislature has chosen to create liability only for nonconsensual recording or intercepting, not divulging, private conversations…The 1977 amendments to the privacy act eliminated civil liability for disseminating information obtained in violation of the act.
*Kearney v. Kearney*, 974 P.2d 872, 95 Wn.App. 405 (Wash. App. 1999)

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 11

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

(within the home).  Based on the facts pleaded, the Plaintiff fails to make a plausible claim to support a private communication.  In addition, the Plaintiff also did not plead that her communications were not a threat or another unlawful request or demand (which are exceptions to the statute).

4. PLAINTIFF CANNOT SUPPORT A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To prevail on a claim for Intentional Infliction of Emotional Distress (IIED), a plaintiff must prove three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." *Robel v. Roundup Corp.*, 148 Wn.2d 35, 51 (2002)

Plaintiff fails to prove all three elements.  Fist, there is no extreme and outrageous conduct. Any claim for intentional infliction of emotional distress must be predicated on <u>behavior so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community</u>. *Kloepfel v. Bokor*, 66 P.3d 630 at 632, 149 Wash.2d 192 (Wash. 2003)  Plaintiff will be hard pressed to find a Washington case that supports the Tort of Outrage on simply recording and publishing a Plaintiff's own words/conduct.

And, Plaintiff cannot show severe, objective evidence of emotional distress.

> At the pleading stage, bare and conclusory allegations of emotional distress unsupported by factual detail are merely a "formulaic recitation of the elements of a cause of action" and are "wholly insufficient to state a claim." *Phillips v. KIRO-TV, Inc*., 817 F. Supp. 2d 1317, 1325 (W.D. Wash. 2011) (*citing Twombly*, 550 U.S. at 555).

*Horman v. Sunbelt Rentals Inc*. (W.D. Wash. 2020) (Merely stating mental distress is not enough)

2nd 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 12

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA  98003
(206) 709.8281  Fax (206) 860.3716

Here, Plaintiff tries to buttress the simple mental distress allegations with a listing of supposed ailments yet without any facts that tie the outrageous conduct of ¶4.9 to the alleged damages in ¶4.11. (See Complaint ¶4.9, 4.11) And even if simply listing ailments was enough, none of these listings rise to the level of the severe emotional distress that is required. *Cf. Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003).

## VI.   CONCLUSION

For these reasons the Defendant requests that the Court dismiss Plaintiff's Complaint.

A proposed order will follow after briefing concludes

Dated this 14th day of April 2021.

/s/Noah C. Davis
Noah Davis, WSBA #30939
Attorney for Defendants
IN PACTA PLLC
www.inpacta.com
33530 1ST WAY S. STE 102
FEDERAL WAY WA 98003
nd@inpacta.com

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 13

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA  98003
(206) 709.8281  Fax (206) 860.3716

# CERTIFICATE OF SERVICE

The below signed certifies that service was made on the following Parties through counsel in the method indicated below on the date certified.

| | | |
|---|---|---|
| **Attorney for Defendants**<br><br>Edward C. Chung<br>WSBA#34292<br>Chung, Malhas, Mantel<br>1037 NE 65th St. Ste 80171<br>Seattle WA 98115 | ( )<br>( )<br>( )<br>( )<br>( )<br>( )<br>(XX ) | Legal Messenger<br>Facsimile<br>U.S. Mail<br>Certified Mail<br>E-Mail<br>Hand Deliver<br>E-Service<br>(ECF) |

So certified, 4/14/21

By: /s/Noah C Davis WSBA#30939
Noah Davis, WSBA #30939
Attorney for Defendants
IN PACTA PLLC
33530 1ST WAY S. STE 102
FEDERAL WAY WA 98003

2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 14

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281  Fax (206) 860.3716