# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INA PERCIVAL, *an individual and resident of the State of Washington,*<br><br>Plaintiff,<br><br>v.<br><br>LAINA POON, *an individual and resident of the State of Washington,*<br><br>Defendant. | Cause No: 2:20-cv-01040-JCC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S <u>SECOND</u> FRCP 12 (b) 6 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR FAILING TO COMPLY WITH THE COURT'S ORDER |

**TO:** United States District Court Western District of Washington Court Clerk
**TO:** Noah Davis, Attorney for Defendant

## PLAINTIFF'S RESPONSE TO DEFENDANT'S <u>SECOND</u> MOTION TO DISMISS
## AND FAILURE TO COMPLY WITH THE COURT'S COURT ORDER

**COMES NOW** the Plaintiff, Ina Percival ("Plaintiff"), by and through her attorney of record, Edward C. Chung and the law firm of CHUNG, MALHAS & MANTEL, PLLC., and hereby respectfully files with the U.S. District Court Clerk and serves upon Defendant's counsel of record, Plaintiff's Opposition to Defendant's Second FRCP 12 (b) 6 Motion to Dismiss for Failure to State a Claim and for Failure to Comply With the Court's Order. Defendant, Lana Poon. While Defendant has correctly points out that this Court dismissed Plaintiff's federal and state claims; the Honorable Judge Coughenour March 15, 2021 Court Order [ECF 17] provided *Plaintiff leave to amend the dismissal of her state and federal claims*

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

*"without prejudice"*.  Following this Court's March 15, 2021 Court Order, ***Plaintiff timely filed her Amended Complaint on March 29, 2021 [ECF# 18] and specifically amended the factual averments contained in her July 2, 2020 Complaint [Dck#1] to conform with the "deficiencies identified" in the Court's March 15, 2021 Court Order***. The language of the March 15, 2021 Court Order reads:

> For the foregoing reasons, the Court GRANTS Ms. Poon's motion to dismiss and DISMISSES Ms. Percival's complaint ***without prejudice***. Ms. Percival may amend her complaint ***to address the deficiencies identified*** above within fourteen days of the date of this order

> *See*, the Honorable Judge Coughenour March 15, 2021 Court Order [ECF 17]; *emphasis added*.

While this Court dismissed Plaintiff's state claims of: (1) Civil Assault; (2) False Imprisonment; (3) Intrusion Upon Seclusion;  and (4) Defamation on the premise these state claims "do not arise out of the same nucleus of operative facts as Plaintiff's claim that Defendant violated the Electronic Communications Privacy Act ("ECPA") of 1986, 18 USC §2520, *et. seq.*" the Court did not dismiss me these claims without prejudice. Pursuant to FRCP 41 (2), unless a court order provides otherwise,  "***a dismissal under this paragraph (2) is without* prejudice***." *See*, FRCP 41 (2); *emphasis added*. Here, the Court did not dismiss Plaintiff's claims with prejudice, to the contrary, it specifically provided that dismissal was made without prejudice.

In consideration of the foregoing, Plaintiff amended her Complaint to address, wherein it was not provided before in Plaintiff's initial Complaint, how Plaintiff's civil assault; false imprisonment; intrusion upon seclusion,  and defamation relate in time and factual context to Plaintiff's ECPA claim. As indicated in Defendant's Second Motion to Dismiss for Failure to State a Claim, her motion is a facial attack on the underlying claims contained in Plaintiff's Amended Complaint. Defendant states, " ***Ms. Poon accepts***



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th  Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

*sufficiently plead facts as "true"*. *See*, Page 2, Line 9 of Defendant's Second FRCP 12 (b) 6 Motion to Dismiss for Failure to State a Claim and for Failure to Comply With the Court's Order[ ECF # 19]. As this Court points out in its March 15, 2021 Court Order, this is significant in light of the fact that *__all averments by Plaintiff must be accepted by this Court to be true__*. *See*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *emphasis added*. Ergo, Plaintiff's Amended Complaint specifically alleges how her state claims, both in context of time and facts related to her federal ECPA claim. While Plaintiff acknowledges her July 2, 2020 Complaint [Dck#1] may not have addressed how the audio recording related to her state claims, Plaintiff has now amended her Complaint to satisfy the "identified deficiencies" that the Court addressed in its March 15, 2021 Court Order. Again, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "*__short and plain statement of the claim showing that the pleader is entitled to relief.__*" The pleading standard *__FRCP 8 announces does not require "detailed factual allegations,__*" *See*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *emphasis added*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true**, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. In reviewing a Defendant's motion, this Court must accept all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff. *See*, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

As evidenced in Plaintiff's Amended Complaint, *__she alleges very detailed and specified facts in support of all her claims__*. At this initial stage, Plaintiff need not try the case on the pleadings. While Defendant appears to take the position that Plaintiff is required to prove her case at this juncture, not case



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

law recognizes such argument or imposes such burden on the Plaintiff at such an early state of the proceedings. As stated before. much of Defendants' arguments related to factual averments go to matters that are outside the initial pleadings and warrant discovery. The claims alleged by Plaintiff are factually plausible and wherein if this Court accepts as true and draws all reasonable inferences from those facts in favor of the plaintiff, then Defendant's Motion for Summary Judgment must be dismissed. The proof is in the pudding so to speak and if Defendant believes that Plaintiff is unable to establish her *prima facie* case after discovery, then she may move forward with filing a Motion for Summary Judgment. At this juncture however, Defendant has not filed an Answer and Affirmative Defense nor engaged in any discovery.

In consideration Defendants reliance on extrinsic facts, pursuant to FRCP 12(d), a Rule 12(b)(6) motion to dismiss may be converted into a Rule 56 motion for summary judgment if matters beyond the pleadings are presented to and considered by the court. *See*, *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). As this Court may be aware, prior to conversion from FRCP 12 (b) 6 to FRCP 56, all parties must be given notice and a reasonable opportunity to present all material pertinent to the motion. *See*, *Smith 's Estate v. Tarrant Cnty. Hosp. Dist.*, 691 F.2d 207, 208 (5th Cir. 1982). In the case at bar, Defendant has not filed an answer or asserted any affirmative, nor have FRCP 26 initial disclosures taken place wherein a motion for summary judgment is judicially ripe for consideration. That aside, Defendant's makes a number of concessions in her motion to dismiss that are detrimental to Defendant's motion for dismissal.

### IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully asks that this Court deny Defendant's second motion to dismiss pursuant to FRCP 12 (b) 6 and for this Court to judge this matter on the merits.



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

1    *Respectfully submitted this 3rd day of May , 2021.*

2

3                                   **CHUNG, MALHAS & MANTEL, PLLC.**

4

5                                   */s/ Edward C. Chung*
                                    Edward C. Chung, WSBA # 34292
6                                   Attorney for Plaintiff, Ina Percival

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999  ♦  Facsimile (206) 264-9098

# V. __DECLARATION OF SERVICE__

I, Edward C. Chung, counsel of record for the Plaintiff, declare under penalty of perjury under the laws of the State of Washington that I caused copies of Complaint to be served using the United State District Court Electronic Case Filing ("ECF") System which shall provide automatically provide electronic notice to to Defendant's following counsel of record:

**Noah Davis**
**In Pacta PLLC**
33530 1st Way S. Suite 102
Federal Way, Washington 98003
*nd@inpacta.com*

☐ Legal Messenger
☐ Hand Delivered
☒ USDC ECF Filing System
☐ Facsimile
☐ First Class Mail

*Respectfully submitted this 3rd day of May , 2021.*

/s/ Edward C. Chung
Edward C. Chung, WSBA # 34292
Attorney for Plaintiff, Ina Percival



CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098