UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PERCIVAL, INA | ) | No. 20-CV-01040 JCC |
| | ) | |
| | ) | <u>REPLY</u> ON THE SECOND FRCP |
| Plaintiff, | ) | 12(b)(6) MOTION FOR |
| | ) | FAILURE TO STATE A CLAIM |
| v. | ) | |
| | ) | (AND FOR FAILING TO COMPLY |
| POON, LAINA | ) | WITH THE COURT'S ORDER) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COME NOW, LAINA POON (by and through Noah Davis of IN PACTA) in this

REPLY on Poon's <u>Second</u> Motion to Dismiss pursuant to FRCP 12(b)(6) and for the Plaintiff's

failure to comply with the Court's Order of March 15, 2020. (Dkt#17)

## I.     REPLY

It appears that the Plaintiff has made three arguments: 1) The first concerns the extent of the

leave to amend that she may have been granted; 2) second, whether FRCP 56 is applicable; and

3) third, whether the Plaintiff has met the standard under FRCP 12 (and attendant case law).

REPLY re: 2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 1

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA  98003
(206) 709.8281  Fax (206) 860.3716

**A. COURT'S 3/15/21 ORDER**

The Parties (and/or their attorneys) have a differing view of what the Court ordered on 3/15/21 when the Order (Dkt#17) was signed granting the Defendant's Motion to Dismiss (Dkt#12).

What both Parties can agree on is that the Court granted Poon's Motion to Dismiss and that the Order dismissed Plaintiff's Complaint. However, what effect did the Order of Dismissa have?

Ms. Poon (and her attorney) read the Order as dismissing Counts 4 (Civil Assault), 5 (False imprisonment), 6 (Breach of Fiduciary Duty), 7 (Intrusion upon Seclusion) and 9 (Defamation) of the Complaint <u>without</u> the opportunity for leave to amend. And, to the extent Count 3 (Intentional Infliction of Emotional Distress) was based on the "closet" incident, it too was dismissed without leave to amend.

However, as for Counts 1-3 and 8, and despite there not existing a Motion to Amend filed by Plaintiff, or else other request to amend, the Court nevertheless granted Ms. Percival Leave to Amend Counts 1, 2, 3 and 8,[1] based on the deficiencies described by the Court as to <u>those</u> claims.

From this side of the case, it was thought to be clear from the context, depth and nature of the Order that the Court was not permitting the Plaintiff a second bite at all claims (which the Court had thoughtfully considered); and instead, The Court granted leave to amend (and the opportunity to try and save) four particular counts/claims.

---

[1] Involving the Electronic Communications Privacy Act of 1986 ("ECPA"), intentional infliction of emotional distress (as it related to the illegal recording incident), false light and the Washington Privacy Act.

REPLY re: 2nd 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 2

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

Whether the Court wrote "dismissed with prejudice" or not is immaterial since a dismissal for failure to state a claim is treated as a judgment on the merits, if no leave is explicitly granted. *Cf Stewart v. US Bancorp*, 297 F.3rd 200, 297 F.3rd 953, 957 (9th Cir. 2002)  The key is whether leave to amend was expressly provided.

Here, the Plaintiff has read the Order as permitting a wholesale amendment. The Defendant disagrees.

As it was this Court's Order, it would seem prudent to defer to the Court on this issue.

**B.  FRCP 56 vs FRCP 12**

Plaintiff has suggested that the Court consider the present motion under Federal Rule Civil Rule 56 because, Plaintiff alleges, that the Defendant refers to information outside the Amended Complaint.  The only information that Ms. Poon had referred to in this case are the pleadings on file and the Court's prior Order.  The prior Motion to Dismiss did request that the Court take judicial notice of a Decree of Dissolution (and family law action) filed in the King County (WA) Superior Court – and that request (for judicial notice) was unopposed by Plaintiff's prior filing.[2] But review of the Amended Complaint need not look beyond that pleading, save the Court Order allowing limited Amendment.

**C.  FRCP Standard**

The standard applicable to Motions to Dismiss filed pursuant to FRCP 12 has been briefed by both Parties and addressed by the Court in its Order of 3/15/21.  And, the Court is well aware of the standard to apply.  The question is whether the Plaintiff has met that standard.

But, here, Plaintiff fails to describe to the Court *how* her claims meet the standard under FRCP12 and *how* her factual allegations support the claims that she's made.

---

[2] For their part, however, Plaintiff's Amended Complaint vaguely refers to some other agreement that was not attached to their Complaint and is not part of the Motion to Dismiss.

REPLY re: 2nd 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 3

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA  98003
(206) 709.8281  Fax (206) 860.3716

Percival doesn't dispute the deficiencies that were detailed in Ms. Poon's Motion to Dismiss (instead, her Response is "See the Complaint."), and she doesn't explain why federal (supplemental) jurisdiction would be warranted over the State law based claims even though it was detailed in the Motion to Dismiss that:

> [i]n most cases where federal claims are dismissed 'the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Colvin v. Tooley-Young* (W.D. Wash. 2015) (granting dismissal of the ECPA claim and declining to exercise supplemental jurisdiction)

Thus Ms. Percival concedes that if her federal claim (under ECPA) is dismissed, the Court should decline to exercise jurisdiction over the remaining state law claims.

1. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ELECTRONIC COMMUNICATIONS PRIVACY ACT OF 1986

To succeed on an ECPA claim, a plaintiff must demonstrate that Plaintiff

> intentionally intercept[ed], endeavor[ed] to intercept, or procure[d] any other person to intercept or endeavor[ed] to intercept, any wire, oral, or electronic communication

18 U.S.C. § 2511(1)(a)

And as the Court recognized in its March Order Dismissing the Complaint (Dkt#17):

> To state an ECPA claim, Ms. Percival must allege that Ms. Poon "intentionally intercept[ed]" the contents of "any wire, oral, or electronic communication," using an "electronic, mechanical, or other device." 18 U.S.C. §§ 2511(1)(a), 2510(4). If Ms. Percival's ECPA claim is based on an oral communication, she must also allege that, at the time the communication was made, she "exhibit[ed] an expectation that [the] communication [would] not [be] subject to interception under circumstances justifying such expectation." 18 U.S.C. §2510(2). Finally, if Ms. Poon was a party to the conversation, Ms. Percival must allege that Ms. Poon intercepted the communication "for the purpose of committing [a] criminal or tortious act.

In her Amended Complaint (Dkt#18), Plaintiff has tried to revive her claim by alleging that the recording was made in her home without her consent where she generally alleges she had a reasonable expectation of privacy. (Amended Complaint, Dkt#17 ¶3.5) Her

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

Amended Complaint does not explicitly state that Poon "intentionally intercepted (i.e. recorded) the Plaintiff". The Amended Complaint does allege that Poon entered the home with the intent of provoking the Plaintiff into making statements that would be disparaging against Plaintiff, but it does not allege one of the critical elements of the claim.

Also, the Amended Complaint does not provide details as to whether there were other people present, or what the circumstances or context of the "oral conversation" were, where the Parties were located at the time, the distance between the Parties or the volume of the conversation. Without details, without additional facts, the Amended Complaint fails to describe the alleged event with sufficient detail to determine whether or not a reasonable subjective and objective expectation of privacy was warranted. But this was exactly what the Court was requiring in order for Plaintiff's claim to survive – and Plaintiff was on notice.

The Court wrote in its Order Dismissing Plaintiff's claims that Plaintiff must also show she "exhibit[ed] an expectation that [the] communication [would] not [be] subject to interception under circumstances justifying such expectation." (Order of Dismissal, Dkt#17) But instead of providing that detail, detail that would justify such an expectation, Plaintiff assumes that being in her home is enough while also concluding that she had an expectation of privacy – even if she failed to provide factual allegations to support that (other than referring to a "private oral conversation").

Was Plaintiff shouting at the Defendant? Was one Party on the phone at the time? Were the kids present? Were others present? Where the doors open, windows open? One Party outside? One party upstairs? Were the Parties in separate rooms?

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

In addition to having to allege that a private communication (under circumstances justifying that expectation) was intentionally recorded by the Defendant, Plaintiff must also allege that the Defendant had a criminal or tortious intent for the use of the recording.

To try to meet this element, the Plaintiff attempts to allege a criminal violation of the Washington Privacy Act. She doesn't provide any facts referencing an actual criminal charge or that a criminal complaint was even filed, but instead simply cites the statute as a criminal violation. But, that is not enough. As the Court recognized in its March Order, "if the moment that [Poon] hits record, [she] does not intend to use the recording for a criminal purpose, there is no violation." (See Dkt#17, p. 8, lines 8-11) The allegation (of the Amended Complaint) that the non-consensual recording simultaneously violated the ECPA and the Washington Privacy (or Wiretap) Act is not enough as there was no intent to commit a future crime _after_ the recording.

Next, in another attempt to save her ECPA claim, Plaintiff's Amended Complaint alleges that the basis of the ECPA claim is that Poon had the intent of intimidating Plaintiff in a future proceeding (and she cites to RCW 9A.72.110).

But this argument doesn't work.

How did Ms. Poon's use of the recording intimidate the Plaintiff in any legal proceeding? Or how was it expected to intimidate Plaintiff?

The problem for Plaintiff is that Poon's publishing of the recording (which is what her Amended Complaint is based on) undermines the allegation of "intimidation". This is because the entire "intimidation" premise rests on the threat to publish, not the actual publishing. Those claims can't coexist (at least not for the purpose of the ECPA).

If Plaintiff's "intent" was to intimidate the Defendant, then the Amended Complaint would need to detail how that intimidation took place. It couldn't just conclude so (with no

REPLY re: 2nd 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 6

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

factual support) – especially when the remaining allegations of the Amended Complaint allege the opposite (that the intent was to publish and embarrass Plaintiff).

The Amended Complaint alleges that Poon recorded Percival's own words and shared them in some manner. It does not allege extortion, it does not support intimidation. According to the Amended Complaint, her (Percival's) words were published and Percival was angry about that. And, of course, Plaintiff does not allege that Ms. Poon has been charged with any crime.

Because Plaintiff's allegations of a criminal intent fail, Plaintiff turns to an allegation of tortious conduct, alleging that it was the "false light" claim that is the tortious underpinning of her ECPA claim. But publishing someone's actual statement isn't false light –its true light.

Realizing that her claims will fail, Plaintiff then alleges that Ms. Poon "edited" the recording. Although this new allegation of the Amended Complaint is a serious accusation, even it is not enough to support the ECPA and false light claims, and that's because Plaintiff was obligated to tell us how the alleged edit created a false statement and presented her in a false light. What was the edit? How was the recoding changed? Was it simply reduced from 5 minutes to 4 minutes? Was the final sentence cut off? Was "could" created from deleting "not" in a "could not"? What was the alleged false light edit? What made the recording false?

She doesn't have to tell us what software was used, but she does need to tell us that whatever was changed was not exactly the words that Plaintiff used, or in the order she used them. What exactly is the allegation here that creates the falsity.

Of course, the reality is that she didn't and can't and because it wasn't plead, this allegation and this claim was not supported.

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA 98003
(206) 709.8281 Fax (206) 860.3716

The Plaintiff was on notice that she needed to support her claims with sufficient detail. Instead, she has tried to keep her claims alive by reciting the legal elements of her claims and then making conclusory statements about those legal elements. But she fails to provide sufficient facts to support those conclusory statements.

And, in defense of the Motion to Dismiss, she simply tells us "See Complaint", without describing how <u>her claims</u> meet the standard under FRCP 12 and support the ECPA claim she makes.

In the end, the Parties had some interaction at Plaintiff's home, a recording was made in some manner (and allegedly without the Plaintiff's consent). That recording was apparently unflattering for Plaintiff and was later allegedly "published" in some manner.

Those facts do not support an ECPA claim.

2.   REMAINING STATE LAW CLAIMS

With dismissal of the ECPA claim, the Court should decline jurisdiction over the supplemental state law based claims, which are addressed in detail in Poon's second Motion to dismiss and were not responded to or defendant against by Percival.  Because Pervical failed to address those State Law claims, they also should be dismissed (if not declined).

The state law claims included the alleged violation of Washington State's Privacy Act for which there were insufficient facts to establish the context for the conversation –who was present, the nature and volume of the conversation and where the Parties were at the time (within the home) to determine whether it was a private communication. Plaintiff also cannot support her claim for Intentional Infliction of Emotional Distress (IIED), where she must set forth (and later prove) three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." *Robel v.*

REPLY re: 2ⁿᵈ 12(b)(6) Motion to Dismiss

[20-cv-01040-JCC] - 8

IN PACTA PLLC
33530 1ST WAY S, STE 102
Federal Way, WA  98003
(206) 709.8281  Fax (206) 860.3716

*Roundup Corp*., 148 Wn.2d 35, 51 (2002).  Any claim for intentional infliction of emotional distress must be predicated on <u>behavior so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community</u>. *Kloepfel v. Bokor*, 66 P.3d 630 at 632, 149 Wash.2d 192 (Wash. 2003)  The allegation here, that the Defendant published Plaintiff's own words is not behavior so outrageous, so extreme. And, Plaintiff cannot show severe, objective evidence of emotional distress.  And, how can Plaintiff's own words support a claim for false light?  They are her own words (especially without any facts that inform us as to what was allegedly changed to create a falsity).

## II.    CONCLUSION

▸ That Counts 4 through 7 & 9 of the Amended Complaint be dismissed as previously Dismissed by the Court's 3/15/2021 Order.

▸ That Count 3 be Dismissed in Part (to the extent it alleges conduct based on the "closet" incident, separate from the recording allegations).

▸ That the remaining Counts of the Complaint (1-3 and 8) be dismissed for failing to State a Claim.

RESPECTFULLY SUBMITTED this 7th day of May 2021.

/s/Noah C. Davis
Noah Davis, WSBA #30939
Attorney for Defendant
IN PACTA PLLC
www.inpacta.com
33530 1ST WAY S. STE 102
FEDERAL WAY WA 98003
nd@inpacta.com

**IN PACTA PLLC**
33530 1ST WAY S, STE 102
Federal Way, WA  98003
(206) 709.8281  Fax (206) 860.3716

1

2

3

4
### CERTIFICATE OF SERVICE

5
The below signed certifies that service was made on the following Parties through counsel in the method indicated below on the date certified.

6

| **Attorney for Defendants** | ( ) | Legal Messenger |
| | ( ) | Facsimile |
| | ( ) | U.S. Mail |
| Edward C. Chung | ( ) | Certified Mail |
| WSBA#34292 | ( ) | E-Mail |
| Chung, Malhas, Mantel | ( ) | Hand Deliver |
| 1037 NE 65th St. Ste 80171 | (XX) | E-Service |
| Seattle WA 98115 | | (ECF) |

12
So certified, 5/7/21

13
By: /s/Noah C Davis WSBA#30939
Noah Davis, WSBA #30939
Attorney for Defendant
IN PACTA PLLC
33530 1ST WAY S. STE 102
FEDERAL WAY WA 98003

16

17

18

19

20

21

22

23

REPLY re: 2nd 12(b)(6) Motion to Dismiss
[20-cv-01040-JCC] - 10