THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INA PERCIVAL, | CASE NO. C20-1040-JCC |
| Plaintiff, | ORDER |
| v. | |
| LAINA POON, | |
| Defendant. | |

This matter comes before the Court on Defendant Laina Poon's motion to dismiss Plaintiff Ina Percival's amended complaint (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.  BACKGROUND

Plaintiff Ina Percival and Defendant Laina Poon were in a registered domestic partnership for over ten years before they separated in September 2018 and divorced in late 2019. (Dkt. No. 18 at 2.) Ms. Percival alleges that about a month after they separated, Ms. Poon audio recorded Ms. Percival in her home and pushed her into a closet and forced her to stay there by threatening to publish the audio recording and to harm her and their children. (*Id.* at 2–4, 6.) The next day, Ms. Poon allegedly disseminated an edited version of the recording that reflected poorly on Ms. Percival. (*Id.* at 3, 7.)

ORDER
C20-1040-JCC
PAGE - 1

1      Nearly two years later, after the parties' divorce proceedings concluded, Ms. Percival

2  filed this lawsuit, asserting a federal cause of action under the Electronic Communications

3  Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510–23, along with eight claims arising under

4  Washington law. (Dkt. No. 1 at 3–6.) Ms. Poon moved to dismiss, arguing that the Court lacked

5  subject-matter jurisdiction and that Ms. Percival failed to state a claim upon which relief could

6  be granted. (*See* Dkt. No. 12.) The Court granted the motion, concluding that it lacked

7  jurisdiction over Ms. Percival's claims that were not based on Ms. Poon's alleged creation and

8  dissemination of the recording and that Ms. Percival failed to state a claim under ECPA. (*See*

9  Dkt. No. 17 at 5–9.) Because Ms. Percival's ECPA claim was the only basis for federal

10 jurisdiction, the Court did not reach Ms. Poon's arguments regarding Ms. Percival's remaining

11 claims. (*Id.* at 9.) Ms. Percival amended the complaint, and Ms. Poon moves to dismiss it for

12 many of the same reasons she raised her in first motion. (*See* Dkt. Nos. 18, 19.)

13 **II.    LEGAL STANDARD**

14     A party challenging subject-matter jurisdiction may do so via a facial attack or a factual

15 attack. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). When a party brings a

16 facial attack, the Court accepts the allegations in the relevant pleading as true and determines

17 whether it has subject-matter jurisdiction based on the face of the document. *Id.* at 1121. "A

18 'factual' attack, by contrast, contests the truth of the . . . factual allegations, usually by

19 introducing evidence outside the pleadings." *Id.* Ms. Poon's motion is a facial attack: she accepts

20 the allegations in the complaint as true but argues that the Court does not have jurisdiction as a

21 matter of law.

22     Ms. Poon's remaining arguments arise under Rule 12(b)(6). "To survive a motion to

23 dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as

24 true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

25 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially

26 plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

1    inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers

2    'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

3    do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

4    **III.    DISCUSSION**

5             For the reasons explained in the Court's previous order, the Court will address subject-

6    matter jurisdiction first before proceeding to Ms. Poon's Rule 12(b)(6) arguments regarding

7    ECPA and then to Ms. Poon's Rule 12(b)(6) arguments regarding the remaining claims. (*See*

8    Dkt. No. 17 at 2.)

9             **A.        Federal Question Jurisdiction**

10            The Court may exercise supplemental jurisdiction only over state law claims "that are so

11   related to" Ms. Percival's ECPA claim "that they form part of the same case or controversy." 28

12   U.S.C. § 1367(a). State law claims are sufficiently related to the ECPA claim if they "derive

13   from a common nucleus of operative fact" and the party bringing the claims "would ordinarily be

14   expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383

15   U.S. 715, 725 (1966). A "relationship between the parties . . . does not . . . provid[e]

16   supplemental jurisdiction over all possible claims between the parties." *Bereket v. Portfolio*

17   *Recovery Assocs., LLC*, 2018 WL 6266606, slip op. at 3 (W.D. Wash. 2018). If the facts material

18   to the federal claim are immaterial to the state law claims, the Court does not have supplemental

19   jurisdiction over the state law claims. *Lei v. City of Lynden*, 2014 WL 6611382, slip op. at 4

20   (W.D. Wash. 2014).

21            Ms. Percival's ECPA claim is based on two events: Ms. Poon's alleged recording of Ms.

22   Percival and her dissemination of that recording. (*See* Dkt. Nos. 1 at 3, 18 at 4.) The Court may

23   not exercise supplemental jurisdiction over state law claims that are not based on those events.

24   Therefore, the Court dismissed Ms. Percival's claims based on Ms. Poon allegedly pushing Ms.

25   Percival into a closet and "with[holding] issues related to sexual and gender identity from" Ms.

26   Percival throughout their partnership. (*See* Dkt. No. 17 at 6.)

1    Ms. Percival now attempts to establish federal jurisdiction over these claims by linking

2  them to the audio recording. Ms. Percival appears to attempt to revive the claims the Court

3  already dismissed for lack of subject-matter jurisdiction and to have reformulated some of her

4  claims to be based on Ms. Poon creating or disseminating the recording rather than the operative

5  facts that she alleged in her original complaint. For example, Ms. Percival's original intrusion

6  upon seclusion claim was based on Ms. Poon "invading the Plaintiff's domicile and refusing to

7  leave," (Dkt. No. 1 at 5), but she amended it to be based on Ms. Poon "audio recording Plaintiff

8  without her consent," (Dkt. No. 18 at 7). Ms. Poon argues that amendments like this exceed the

9  Court's leave to amend. (Dkt. No. 19 at 5.) While the Court did not envision Ms. Percival

10  changing the factual bases of her claims in an attempt to manufacture federal jurisdiction over

11  them, the Court agrees with Ms. Percival that the Court's order did not expressly foreclose the

12  amendments Ms. Percival made here. Therefore, the Court will allow these amendments.

13    1. Civil Assault and False Imprisonment

14    In her original complaint, Ms. Percival alleged that Ms. Poon assaulted and falsely

15  imprisoned her by pushing and shoving her into a closet and threatening to harm her and their

16  children. (See Dkt. No. 1 at 4.) The Court concluded that it does not have jurisdiction over these

17  claims because the operative facts for the ECPA claim—Ms. Poon creating and disseminating

18  the recording—are different from the operative facts for the assault and false imprisonment

19  claims—Ms. Poon pushing, shoving, and threatening Ms. Percival. (See Dkt. No. 17 at 5–6.) Ms.

20  Percival seeks to revive these claims by alleging that Ms. Poon threatened to release the audio

21  recording as she was pushing Ms. Percival into the closet. (Dkt. No. 18 at 3, 6.) This new

22  allegation does not alter the Court's analysis. The operative facts for the assault and false

23  imprisonment claims remain Ms. Poon pushing, shoving, and threatening Ms. Percival. While

24  Ms. Poon's threats may have referred to her creating or disseminating the recording, Ms.

25  Percival's civil assault and false imprisonment claims are still not based on Ms. Poon's creation

26  or dissemination of the recording; they are based on Ms. Poon's *threats* to disseminate it. In

1    other words, Ms. Percival does not allege that Ms. Poon committed civil assault or falsely

2    imprisoned her by creating or disseminating the recording. Therefore, the Court DISMISSES

3    Ms. Percival's civil assault and false imprisonment claims because they do not derive from the

4    same nucleus of operative facts as the ECPA claim, and the Court lacks jurisdiction over them. If

5    Ms. Percival wishes to pursue these claims, she must do so in state court or identify another basis

6    for this Court's jurisdiction over them.

7              2.   Intentional Infliction of Emotional Distress

8              Ms. Percival's intentional infliction of emotional distress ("IIED") allegations are

9    unchanged. (Compare Dkt. No. 1 at 3–4 *with* Dkt. No. 18 at 5.) For the avoidance of doubt, Ms.

10   Percival's IIED claim based on Ms. Poon not allowing her to leave the closet remains

11   DISMISSED for lack of subject-matter jurisdiction. The Court will address Ms. Poon's Rule

12   12(b)(6) arguments regarding Ms. Percival's IIED claim based on Ms. Poon recording her and

13   disseminating the recording in Section C(2) of this order.

14             3.   Fiduciary Duty

15             The Court's conclusion with respect to Ms. Percival's fiduciary duty claims is similar. In

16   her original complaint, Ms. Percival alleged that Ms. Poon breached her fiduciary duty to Ms.

17   Percival by "willfully with[holding] issues related to sexual and gender identity from the

18   Plaintiff." (Dkt. No. 1 at 4.) The Court dismissed this claim for lack of subject-matter jurisdiction

19   because it did not arise from the same nucleus of operative facts as her ECPA claim. (*See* Dkt.

20   No. 17 at 6.) The only change in Ms. Percival's amended complaint is that she alleges that Ms.

21   Poon also breached her fiduciary duty by disseminating the audio recording. (*See* Dkt. No. 18 at

22   6.) But this new allegation does nothing to change the Court's analysis regarding the original

23   fiduciary duty claim based on Ms. Poon's alleged failure to disclose "issues related to sexual and

24   gender identity." That claim still arises from the same operative facts, which are still different

25   than the operative facts underlying Ms. Percival's ECPA claim. So long as the only basis for the

26   Court's jurisdiction is Ms. Percival's ECPA claim, the Court cannot entertain any claim based on

1   Ms. Poon allegedly not disclosing her sexual or gender identity during the relationship.

2   Therefore, this claim remains DISMISSED.

3          To the extent Ms. Percival intends to assert a breach of fiduciary duty claim based on Ms.

4   Poon disseminating the recording, the Court may exercise jurisdiction over it if her ECPA claim

5   survives because it is based on the same nucleus of operative facts as her ECPA claim. The Court

6   will address the ECPA claim in Section B.

7          4.   Intrusion Upon Seclusion

8          Ms. Percival's original intrusion upon seclusion claim was based entirely on Ms. Poon

9   entering Ms. Percival's home "and refusing to leave." (Dkt. No. 1 at 5.) Ms. Percival appears to

10  attempt to revive this claim and add a new claim based on Ms. Poon creating and disseminating

11  the audio recording. (*See* Dkt. No. 18 at 6–7.) For the reasons explained above, Ms. Percival's

12  claim based on Ms. Poon entering the home and refusing to leave remains DISMISSED, and the

13  Court's jurisdiction over the claim based on Ms. Poon creating and disseminating the recording

14  depends on whether Ms. Percival's ECPA claim survives.

15         5.   Defamation

16         The Court dismissed Ms. Percival's defamation claim because it did not appear to be

17  based on Ms. Poon's creation and dissemination of the recording. (*See* Dkt. No. 17 at 6 n.2.) Ms.

18  Percival amended the complaint to make clear that her defamation claim *is* based on Ms. Poon

19  creating and disseminating the recording. (*See* Dkt. No. 18 at 7.) Therefore, as with the other

20  claims, the Court may exercise jurisdiction over it if Ms. Percival's ECPA claim survives.

21  **B.     ECPA Claim**

22         The Court next turns to Ms. Percival's ECPA claim. In its earlier order, the Court

23  dismissed Ms. Percival's ECPA claim because she failed to allege that she had a subjective

24  expectation that her communication was not subject to interception or that Ms. Poon intercepted

25  the communication for the purpose of committing a criminal or tortious act. (*See* Dkt. No. 17 at

26  7–9.) Ms. Percival's amended complaint remedies these deficiencies. She alleges that Ms. Poon

ORDER
C20-1040-JCC
PAGE - 6

1  "concealed . . . that she was making [the] recording" and made the audio recording "without her

2  knowledge" for the purpose of placing Ms. Percival in a false light, defaming her, and

3  intimidating her as a witness in violation of Washington Revised Code section 9A.72.110.[1] (Dkt.

4  No. 18 at 2–3.) Taken together with Ms. Percival's allegation that the recording occurred in her

5  home, these allegations suffice to satisfy ECPA's criminal or tortious intent and subjective

6  expectation of privacy elements.

7      Ms. Poon argues that Ms. Percival's allegations are not sufficiently detailed to satisfy

8  federal pleading standards by identifying several questions the complaint leaves unanswered.

9  (Dkt. No. 19 at 8.) But, at the pleading stage, Ms. Percival is not required to include "detailed

10 factual allegations;" she must only allege facts sufficient to state a plausible claim for relief. *Bell*

11 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)*.* If Ms. Poon believes the complaint omits

12 facts that show that Ms. Percival is not entitled to relief, she may establish those facts through

13 discovery.

14     **C.    Remaining Claims**

15     The Court next addresses Ms. Poon's Rule 12(b)(6) arguments regarding the remaining

16 claims. The Court's analysis in this section is narrowly focused on Ms. Poon's arguments. *See*

17 *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (courts "will not manufacture arguments"

18 for litigants). Ms. Poon appears to have assumed that she would prevail on her argument that Ms.

19 Percival's amendments exceeded the Court's leave and did not make any substantive arguments

20 regarding several of Ms. Percival's amended claims. To the extent Ms. Poon believes that any of

21 Ms. Percival's claims not addressed here fail to state a claim, she will need seek relief through an

22 alternative means, such as a motion for judgment on the pleadings under Rule 12(c) or a motion

23 for summary judgment.

24

25 [1] Ms. Percival also alleges that making the recording was a crime under Washington law, (*see* Dkt. No. 18 at 3), but the fact that creating the recording violates another law does not satisfy ECPA's requirement that the purpose of the interception be to commit *a separate* criminal or

26 tortious act. *Sussman v. Am. Broad. Co.*, 186 F.3d 1200, 1202–03 (9th Cir. 1999).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1.   Washington Privacy Act

Ms. Poon moves to dismiss Ms. Percival's Washington Privacy Act claim for the same reasons as her ECPA claim, and the Court DENIES the motion for the reasons explained above. (*See* Dkt. No. 19 at 11.) Ms. Poon also moves to dismiss the Washington Privacy Act claim to the extent it is based on Ms. Poon's alleged dissemination of the recording. (Dkt. No. 19 at 11 n.5.) The Washington Privacy Act "prohibits only recording or intercepting [of] conversations without the consent of the other party; it does not prohibit disseminating such conversations to others." *Kearney v. Kearney*, 974 P.2d 872, 876 (Wash. Ct. App. 1999). Therefore, Ms. Percival's Washington Privacy Act claim is DISMISSED to the extent it is based on Ms. Poon allegedly disseminating the recording.

2.   IIED

Ms. Poon moves to dismiss Ms. Percival's IIED claim based on her alleged creation and dissemination of the audio recording because that conduct is not sufficiently outrageous and because Ms. Percival's emotional distress allegations are too conclusory and are not connected to Ms. Poon's allegedly outrageous conduct. (*See* Dkt. No. 19 at 12–13.) The Court disagrees with both arguments.

To state a claim for IIED, a plaintiff must allege "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." *Reid v. Pierce Cnty.*, 961 P.2d 333, 337 (Wash. Ct. App. 1998). The "standard for an outrage claim is . . . very high."[2] *Robel v. Roundup Corp.*, 59 P.3d 611, 620 (Wash. 2002). "[I]t is not enough that a 'defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to

---

[2] In Washington, IIED is sometimes referred to as "outrage." *Kloepfel v. Boker*, 66 P.3d 630, 631 n.1 (Wash. 2003) ("'Outrage' and 'intentional infliction of emotional distress' are synonyms for the same tort.").

ORDER
C20-1040-JCC
PAGE - 8

1    punitive damages for another tort.'" *Id.* (quoting Restatement (Second) of Torts § 46). Instead,

2    the conduct must be "outrageous in character, and so extreme in degree, as to go beyond all

3    possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

4    community." *Grimsby v. Samson*, 530 P.2d 291, 295 (1975). Thus, a defendant generally cannot

5    be liable for IIED based on "mere insults, indignities, threats, annoyances, petty oppressions, or

6    other trivialities." *Id.* at 530 (quoting Restatement (Second) of Torts § 46). Similarly, "causing

7    embarrassment or humiliation" does not suffice. *Dicomes v. State of Wash.*, 782 P.2d 1002, 1013

8    (Wash. 1989). Whether conduct is sufficiently outrageous is generally a question of fact for the

9    jury to decide, but "only after the court 'determines if reasonable minds could differ on whether

10   the conduct was sufficiently extreme to result in liability.'" *Robel*, 59 P.3d at 619 (quoting

11   *Dicomes*, 782 P.2d at 1013).

12          The Court cannot conclude based on Ms. Percival's allegations that no reasonable person

13   could consider the conduct at issue here sufficiently extreme. The Court agrees that secretly

14   recording someone and releasing the audio is generally not sufficiently outrageous to form the

15   basis of an IIED claim, even if the audio recording is embarrassing or humiliating. The fact that

16   Ms. Poon is alleged to have released the audio recording to advance her position in child custody

17   litigation does not, by itself, make the conduct sufficiently outrageous either. Indeed, one can

18   conceive of circumstances in which using a secret audio recording in child custody proceedings

19   would not be regarded as "atrocious" or "utterly intolerable," such as if one parent recorded the

20   other parent admitting to physically abusing the child. What gives the Court pause is Ms.

21   Percival's allegation that Ms. Poon edited the recording to make it "untruthful." (Dkt. No. 18 at

22   3.) Whether releasing an edited recording to advance one's position in child custody litigation is

23   sufficiently outrageous depends on the circumstances of the editing, which Ms. Percival did not

24   include in her complaint. For instance, if Ms. Poon merely trimmed the recording and

25   disseminated only portions that were unfavorable to Ms. Percival, that is likely not sufficiently

26   outrageous. *Cf. Mohr v. Grant*, 108 P.3d 768, 776 (Wash. 2005) ("Merely omitting facts

favorable to the plaintiff or facts that the plaintiff thinks should have been included does not make a publication false and subject to defamation liability."). But if Ms. Poon edited the recording to suggest that Ms. Percival said things that she did not, it could rise to the level of being sufficiently outrageous. At bottom, the Court cannot determine whether the conduct at issue here is sufficiently outrageous without more details about the content of the recording and the nature of the editing. Therefore, the Court DENIES Ms. Poon's motion to dismiss this claim and will address this issue after the parties have had an opportunity to develop the facts.

The Court next turns to Ms. Poon's argument that Ms. Percival's emotional distress allegations are too conclusory and are not connected to the allegedly outrageous conduct. A plaintiff may recover on an IIED claim only if the emotional distress "is so severe that no reasonable person could be expected to endure it." *Saldivar v. Momah*, 186 P.3d 1117, 1130 (Wash. Ct. App. 2008). This too is a high standard. But, like the outrageous element, the Court cannot conclude based on the complaint alone that Ms. Percival's distress does not qualify. While it is true that mild anxiety or sleeplessness likely do not qualify, anxiety and sleeplessness can also be quite severe. Without knowing the extent of Ms. Percival's emotional distress, the Court cannot determine whether it is sufficiently severe to satisfy *Saldivar*'s demanding standard. Construing Ms. Percival's allegations in the light most favorable to her, the Court also concludes that Ms. Percival has sufficiently alleged she experienced emotional distress as a result of Ms. Poon's dissemination of the recording. Therefore, the Court DENIES Ms. Poon's motion to dismiss Ms. Percival's IIED claim based on Ms. Poon disseminating the audio recording and using it in the child custody matter.

3. <u>False Light</u>

To state a claim for false light, a plaintiff must allege that the defendant (1) publicized a matter that placed the plaintiff in a false light, (2) "the false light would be highly offensive to a reasonable person," and (3) the defendant "knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed." *Eastwood v. Cascade Broad.*

*Co.*, 722 P.2d 1295, 1297 (Wash. 1986). A false light plaintiff "must allege falsity," meaning that the plaintiff must identify a statement by the defendant that is "provably false." *Seaquist v. Caldier*, 438 P.3d 606, 616 (Wash. Ct. App. 2019). "A provably false statement is one that, as a statement of either fact or opinion, falsely expresses or implies provable facts about the plaintiff."[3] *Id.* at 612. To prevail on a false impression theory, "the plaintiff must show with respect to the element of falsity that the communication left a false impression that would be contradicted by the inclusion of omitted facts." *Mohr*, 108 P.3d at 776.

To satisfy federal pleading standards, a plaintiff must allege facts that, if true, satisfy every element of a cause of action. *Twombly*, 550 U.S. at 555–56. Therefore, a plaintiff seeking to assert a false light clam in federal court must identify a statement by the defendant that is either provably false itself or that implies a fact that is provably false. *See Seaquist*, 438 P.3d at 612 ("In proving falsity . . . a plaintiff must prove either a statement was false or a statement left a false impression by omitted facts."); *see also Harris v. City of Seattle*, 315 F.Supp.2d 1112, 1123–34 (W.D. Wash. 2004). Ms. Percival alleges that the edited audio recording left listeners with the impression that "she was [an] unfit mother" and not "emotionally stable," (Dkt. No. 18 at 7), but she does not identify the statements in the audio recording that left that impression. This is especially problematic where, as here, the implications Ms. Percival identifies as false— that Ms. Percival is an "unfit mother" and emotionally unstable—could arguably be characterized as matters of opinion that are not actionable rather than provably false facts. *See*

---

[3] In *Seaquist*, the Washington Court of Appeals left open the question of "whether falsity by implication can support a false light claim." 438 P.3d at 616 n.4. The Court concludes that the Washington Supreme Court would likely allow false light plaintiffs to recover for implied falsehoods because the Washington Supreme Court has allowed defamation plaintiffs to do so and has suggested that a plaintiff that can establish a defamation claim can always establish a false light claim, as if false light is a lesser-included tort. *See Eastwood*, 722 P.2d at 1297 ("While all false light cases need not be defamation cases, all defamation cases are potentially false light cases."); *see also id.* ("The two torts overlap . . . when the statement complained of is both false and defamatory."). Therefore, the Court looks to Washington case law regarding defamation to set out the boundaries of a false light by implication claim.

1  *Robel*, 59 P.3d at 621–22. Because Ms. Percival failed to identify the statements on which her

2  false light claim is based, she has failed to state a claim upon which relief may be granted.

3  **IV.    CONCLUSION**

4          For the foregoing reasons, the Court GRANTS in part and DENIES in part Ms. Poon's

5  motion to dismiss. Ms. Percival's civil assault and false imprisonment claims are DISMISSED in

6  their entirety for lack of subject-matter jurisdiction. Ms. Percival's IIED, breach of fiduciary

7  duty, and intrusion upon seclusion claims are DISMISSED to the extent they are based on

8  conduct other than the creation or dissemination of the recording for lack of subject-matter

9  jurisdiction. Ms. Percival's false light claim is DISMISSED for failure to state a claim. The

10  Court grants leave to amend only the false light claim at this time. Should Ms. Percival wish to

11  amend her complaint in other ways she must obtain either Ms. Poon's written consent or the

12  Court's leave. *See* Fed. R. Civ. P. 15.

13          DATED this 2nd day of August 2021.

14

15

16  _____

17  John C. Coughenour
   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

ORDER
C20-1040-JCC
PAGE - 12