UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INA PERCIVAL,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>LAINA POON,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-cv-01040-DGE<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.　INTRODUCTION

This matter comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 30.)  The Court has considered the pleadings filed in support of and opposition[1] to the motion and the remainder of the record and hereby GRANTS Defendant's motion as to

---

[1] The Court notes that Plaintiff's response to Defendant's Motion for Summary Judgment is untimely.  (Dkt. No. 34.)  Furthermore, the response was not in compliance with the local rules.  LCR 7(k), (d)(2).  However, in abundance of caution, the Court reviewed the response in preparing the present Order.  As the Court is granting summary judgment in Defendant's favor and dismissing the remaining claims, Plaintiff's Cross Motion is moot.  (Dkt. No. 34.)

Plaintiff's federal claim and DISMISSES the remaining state law claims for the reasons discussed herein.

## II. BACKGROUND

Plaintiff Ina Percival and Defendant Laina Poon entered into a domestic partnership in May of 2008. (Dkt. No. 31 at 1.) After ten years, their relationship was strained to the point that Defendant moved out of their joint residence and began residing with her mother. (*Id*. at 2.) They were separating and formally began discussing the termination of their legal relationship. (*Id*. at 3–4.) They had children and disputed each other's rights regarding the children. (*Id*. at 3.) Both parties felt the other party was abusive, manipulative, and volatile. (*Id*. at 4; Dkt. No. 32 at 10–11.)

On October 15, 2018, Defendant decided she would be return to their shared residence with the intent of remaining there for their children. (Dkt. Nos. 31 at 4; 34–1 at 17.) After the children were placed in bed, they began to argue with both sides disputing who initiated the argument and who was the aggressor. (Dkt. Nos. 31 at 5–6; 32 at 7–8.) At some point, Defendant approached the kitchen counter, placed her phone on it and hit the record button. (Dkt. No. 31 at 5.) The argument became heated and eventually Plaintiff noticed the phone was recording. (*Id*. at 6.) Sometime after, law enforcement arrived to investigate the argument. (*Id*. at 8.) Subsequently, the parties agreed Defendant would sleep on the couch, and the next morning Defendant emailed a copy of the recording to their counselor and mutual friends. (*Id*.)

Regarding the reasons for recording the discussion, Defendant testified, "I don't remember when I decided to record the conversation we were going to have, but I knew that with no one there, I needed to protect myself. Friends had warned me that people like [Plaintiff] can become violent . . . [.]" (*Id*.) She further stated she began recording, "[f]or my safety, I couldn't

bring another person with me and I, I mean, you can see how she was. I didn't know what would happen." (Dkt. No. 34–1 at 32.) Defendant also explained how she had perceived threats from Plaintiff in the past. (*Id*. at 34) ("She had [in the past] made threats. She had physically gotten in my face, intimidating me. She had sworn at me. At one point she threw a phone at me.").

Defendant testified she did not alter or delete any portion of the recording. (Dkt. No. 31 at 8–9.) Plaintiff testified the recording did not capture all of the discussion between Plaintiff and Defendant because it failed to capture what was said immediately before and after the recording. (Dkt. No. 32 at 13–14.) When asked whether Plaintiff had evidence supporting the conclusion that the audio recording had been edited or altered, Plaintiff responded, "I can only tell you again that the recording doesn't reflect the conversation as I remember it and as we engaged in it." (*Id*. at 59–60.) Plaintiff further stated, "I have not had an forensic analysis of this audio recording" (*Id*. at 62), while at the same time opining, "I don't have any proof that it hasn't been altered." (*Id.* at 63.)

At issue in this motion are Plaintiff's claims for violation of the Electronic Communications Privacy Act ("ECPA"), violation of Washington's Privacy Act ("WPA"), intentional infliction of emotional distress, breach of fiduciary duty, intrusion by exclusion, and defamation. (Dkt. No. 30.) The ECPA claim provided this Court with Federal Question Jurisdiction as the remaining claims are all state claims. (*See* Dkt. No. 24.)

### III. STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the

burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150–51 (2000).

However, the nonmoving party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). The Court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (explaining that the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis in original).

## IV. DISCUSSION

### A. ECPA Claim: Plaintiff Fails to Identify a Genuine Dispute of Material Fact as to Defendant's Intent in Recording the Parties' Discussion

To prevail an ECPA claim, Plaintiff must show that Defendant "intentionally intercept[ed]" the contents of "any wire, oral, or electronic communication," using an "electronic, mechanical, or other device." 18 U.S.C. § 2511(1). If Plaintiff's ECPA claim is based on an oral communication, she must also show that, at the time the communication was made, she "exhibit[ed] an expectation that [the] communication [would] not [be] subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2). Finally, if Defendant was a party to the conversation, Plaintiff must allege that Defendant intercepted the communication "for the purpose of committing [a] criminal or tortious act." 18 U.S.C. § 2511(2)(d).[2]

As to the last point, "the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (emphasis in original) (citations omitted). "Where the taping is legal, but is done for the purpose of facilitating some further impropriety, such as blackmail, [the ECPA] applies. Where the purpose is not illegal or tortious, but the means are, the victims must seek redress elsewhere." *Id.* at 1202–03. In addition, the Ninth Circuit has held that in enacting § 2511 [of the ECPA], "Congress . . . intended to permit one party to record [a] conversation with another when the recorder is acting 'out of a legitimate desire to protect himself.'" *Moore v. Telfon Commc'ns Corp.,* 589 F.2d 959, 966 (9th Cir. 1978) (citations omitted).

---

[2] Neither party disputes that both were a party to the recorded conversation and that Plaintiff did not consent to the recording. (Dkt. Nos. 30 at 3–4; 34 at 2.)

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1      Here, Defendant testified she made the recording with the intent of protecting herself, not to engage in any criminal or tortious act. (Dkt. No. 30 at 14.) She also testified she had perceived threatening behavior in the past. (Dkt. No. 34–1 at 34.) It also is clear the parties were engaged in a separation involving children, and both parties appear to assert the other was volatile. (Dkt. Nos. 31 at 4; 32 at 10–11.) It, therefore, is not unreasonable to conclude Defendant was motivated to record the discussion out of a legitimate desire to protect herself.

      Having presented evidence Defendant did not record the discussion with Plaintiff to engage in a criminal or tortious act, Plaintiff must set forth specific facts showing Defendant's intent was to engage in a criminal or tortious act. *See Sussman*, 186 F.3d at 1203–04 (affirming the district court's entry of summary judgment for defendants on an ECPA claim when "[a]lthough [defendant']s taping may well have been a tortious invasion of privacy under state law, plaintiffs have produced no probative evidence that [defendants] had an illegal or tortious purpose when it made the tape."); *Deteresa v. Am. Broad. Companies, Inc.*, 121 F.3d 460, 467 n.4 (9th Cir. 1997) ("For th[e ECPA] claim to survive summary judgment, [plaintiff] had to come forward with evidence to show that [defendant] taped the conversation for the purpose of violating [state law], for the purpose of invading her privacy, for the purpose of defrauding her, or for the purpose of committing unfair business practices. The record is devoid of any such evidence"); *Medical Lab. Mgmt. Consultants v. ABC,* 30 F.Supp.2d 1182, 1205 (D. Ariz. 1998) ("[Plaintiffs] offer no support for the assertion that Defendants recorded the meeting for the purpose of committing a tort, which, as the statute indicates, is the proper focus of inquiry in a § 2511 claim. Even if Defendants were found liable for fraud, the question is not whether they are ultimately liable for conduct found to be tortious, but whether, at the time the recording took place, they recorded the conversation with the express intent of committing a tort.").

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

Plaintiff asserts that "[t]he apparent purpose that day by Defendant was to enter Plaintiff's home, agitate and antagonize Plaintiff into a furor with the specific intent of causing her to become angry, audio record this instigated incident without Plaintiff's knowledge or consent and disseminate to people Defendant says were involved in the children's care." (Dkt. No. 34 at 2.) However, Plaintiff offers no evidence to support this statement and otherwise fails to identify any evidence in Defendant's deposition testimony contradicting Defendant's contentions that Defendant made the recording in her own self-interest.[3]

The Court, therefore, finds there are no genuine issues of material fact as to Defendant's intent in recording the parties' discussion. Accordingly, Defendant is entitled to summary judgment as a matter of law DISMISSING Plaintiff's ECPA claim.

**B. Dismissal of the ECPA Claim Means the Court No Longer Has Federal Question Jurisdiction; the Court Declines to Exercise Supplemental Jurisdiction Over Remaining State Law Claims**

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the

---

[3] Plaintiff provides a copy of Defendant's deposition transcript but does not cite any specific language in her deposition that indicates Defendant had a criminal or tortious intent in recording their discussion. The Court is not in a position to attempt to identify facts Plaintiff might rely on to support her claims. *Keenan*, 91 F.3d at 1279 ("'We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.'") (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).

values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal citations omitted).

Having dismissed the ECPA claim, the Court concludes the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction over the remaining claims. *See Acri*, 114 F.3d at 1001. Further, because state courts have a strong interest in enforcing their own laws, *see Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this court declining jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and these claims are DISMISSED without prejudice.

## V.     CONCLUSION

Accordingly, and having considered Defendant's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's ECPA claim and the remaining state law claims are DISMISSED.

1. The Clerk shall enter Judgment for Defendants against Plaintiff on Plaintiff's ECPA claim and Plaintiff's remaining state law claims are dismissed without prejudice.
2. Plaintiff's Cross Motion is now moot. (Dkt. No. 34.)
3. Defendant's Motions in Limine are now moot. (Dkt. No. 36.)

Dated this 29th day of March 2022.

                                            David G. Estudillo
                                            United States District Judge